In the Matter of the Arbitration between M. A. G. PRODUCTIONS INC., Respondent, and MOTION PICTURE MANAGEMENT CORP., Appellant.— The parties, after several unsuccessful attempts to arrange for a panel to act as arbitrators, finally agreed that each party would designate one arbitrator and the arbitrators so designated would designate a third. Each of the parties did select an arbitrator. The arbitrators, however, did not designate a third arbitrator

but instead reported back that they preferred not to do so, suggesting that the parties take whatever steps are necessary to select the third arbitrator. Thereupon the petitioner-respondent applied to the court for the designation of a third arbitrator. It is from an order designating the third arbitrator that the respondent-appellant appeals. Section 1452 of the Civil Practice Act provides that where a contract specifies a method of appointing arbitrators "such method shall be followed". The arbitrators failed to follow such method. It was their obligation to attempt to designate a third arbitrator and they failed to perform their duty when they did not make such an attempt. This is not the case where a court may designate when a "party" fails to avail himself of a method, nor is it a case where there is a "lapse" within the meaning of the section. It is clearly a failure of the arbitrators to perform the duties assumed by them through their acceptance of the office of arbitrators. It is our view that section 1452 requires that the method set forth in the contract for appointing the third arbitrator be followed (see: *L. & R. Hewett Constr. Corp. v. Ausnit*, 281 App. Div. 1011) and that the court should act only when it appears that these two arbitrators attempted to and could not reach an agreement on the third arbitrator. Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. Settle order on notice. Concur — Breitel, J. P., Rabin, Frank and Valente, JJ.